**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ANASTAZIA SCHMID, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Cause No. 1:14-cv-200-WTL-TAB |
| ) | |
| STEVE MCCAULEY, ) | |
| ) | |
| Respondent. ) | |

**ENTRY ON PETITION FOR WRIT OF HABEAS CORPUS**

This cause is before the Court on the Petitioner Anastazia Schmid's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). Schmid's petition is fully briefed, and the Court, being duly advised, **DISMISSES** the petition for the reasons set forth below.[1] In addition, the court finds that a certificate of appealability should not issue.

### I. BACKGROUND

On October 5, 2001, a jury found Schmid guilty but mentally ill of murder, aggravated battery, battery by means of a deadly weapon, battery resulting in serious bodily injury, criminal recklessness by means of a deadly weapon, and two counts of criminal recklessness. The evidence supporting Schmid's convictions was summarized in her direct appeal:

> Schmid has an extensive history of psychological problems that began when she was a young girl. By 2001, when she was twenty-eight years of age, she had been married and divorced and was living with her boyfriend, Tony Heathcote (Heathcote), the victim. Schmid's prior marriage had produced a daughter, and, on March 2, 2001, Schmid was informed that Heathcote allegedly had molested her

---

[1] The Court acknowledges the receipt of a number of character letters written on behalf of Schmid requesting that the Court release her from prison. The subject matter of the letters, however, is misplaced. In habeas proceedings, the Court is not in a position to reduce a prisoner's sentence on moral, rehabilitative, or good behavior grounds. As noted below, the Court only considers whether Schmid's constitutional rights were violated in relation to her state court proceedings.

> daughter. Upon receiving this news, Schmid became very upset. Two days later, on March 4, 2001, Schmid and Heathcote were having sexual relations at their home using restraints, a dog collar, a leash, and a blindfold when Heathcote suggested that Schmid play the part of the little girl and Heathcote would play the part of the daddy. This statement caused Schmid to think of her daughter. At that time, Schmid obtained a knife and began stabbing Heathcote who was blindfolded and restrained at the ankles. Heathcote was stabbed thirty-nine (39) times and died. Later, Schmid indicated that at the time of the stabbing she had heard a voice telling her that she was the messiah and that Heathcote was evil and needed to be eliminated.

*Schmid v. State*, 804 N.E.2d 174, 177 (Ind. Ct. App. 2004). In 2002, Schmid was sentenced to fifty-five years in prison, with five years suspended to probation.

In her direct appeal, Schmid argued that (1) the trial court erred in denying her motion to continue the trial, (2) there was insufficient evidence to support her convictions, (3) the trial court erred in admitting the testimony of the State's expert witness, and (4) the trial court erred in refusing to give Schmid's proposed jury instruction. The Indiana Court of Appeals rejected Schmid's arguments and affirmed her convictions. *Id.* The Indiana Supreme Court denied transfer of the case on May 7, 2004. *Schmid v. State*, 812 N.E.2d 803 (Ind. 2004).

Thereafter, on February 7, 2005, without counsel, Schmid filed a motion for post-conviction relief. After obtaining counsel, she amended her petition on May 17, 2011. This time, Schmid argued that her trial counsel was ineffective (1) in failing to raise the defense of Justified Reasonable Force (also known as the "Battered Women's Syndrome" defense), (2) in failing to demand a second competency hearing after the court found her competent to stand trial, (3) in failing to communicate an alleged plea offer to her, and (4) in failing to call her to testify in her own defense. The trial court denied Schmid's motion, and the Indiana Court of Appeals affirmed the decision, concluding that Schmid was not prejudiced by counsel's alleged errors. *Schmid v. State*, 972 N.E.2d 949, 954 (Ind. Ct. App. 2012). The Supreme Court denied Schmid's petition for certiorari on November 8, 2012. *Schmid v. State*, 978 N.E.2d 416 (Ind. 2012).

## II. STANDARD

With her state appeals exhausted, Schmid now seeks relief from this Court under 28 U.S.C. § 2254. A federal court may issue a writ of habeas corpus for a person in state custody if it finds the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996, "a federal court may grant habeas relief only if the state court's adjudication of the petitioner's constitutional claims was based on unreasonable fact-finding or was contrary to, or involved an unreasonable application of, clearly established federal law." *Starkweather v. Smith*, 574 F.3d 399, 402 (7th Cir. 2009) (citing 28 U.S.C. § 2254(d)).

## III. DISCUSSION

Schmid signed her petition for writ of habeas corpus on February 7, 2014, and it was filed with this Court on February 11, 2014. She argues that she is entitled to relief because (1) she was denied her constitutional right to testify, (2) she was unable to assist in her own defense because she was under the influence of extreme levels of psychiatric medications and experiencing psychotic episodes, (3) she was wrongfully convicted of murder, (4) counsel failed to argue Justified Reasonable Force as a secondary defense, (5) her multiple convictions for the same offense violates Double Jeopardy, and (6) because she has been rehabilitated, keeping her in prison violates her constitutional rights of life and liberty. The State, however, argues Schmid's petition should be dismissed because it is time barred. The Court agrees—Schmid's habeas petition is untimely.

According to 28 U.S.C. § 2244(d),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

3

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

However, the one-year "limitations period is tolled while a state prisoner seeks postconviction relief in state court." *Lawrence v. Florida*, 549 U.S. 327 (2007); 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").

Pursuant to § 2244(d)(1)(A), Schmid had one year from the date her conviction became final to file the instant motion—Schmid does not argue and the Court does not find that another subsection of § 2244(d)(1) applies to Schmid's petition. The Indiana Supreme Court denied transfer of Schmid's direct appeal on May 7, 2004. Thus, her conviction became final on August 5, 2004 (i.e., ninety days after entry of the Indiana Supreme Court's order denying transfer). *See Powell v. Davis*, 415 F.3d 722, 726 (7th Cir. 2005). Thereafter, Schmid moved for post-conviction relief on February 7, 2005. At that time, 187 days had accrued on the one-year limitations period. Schmid's post-conviction proceedings remained pending until November 8, 2012, thus tolling the limitations period until that date. After the Indiana Supreme Court denied transfer of the case, the statute of limitations clock resumed, and Schmid had 178 days left to file

a timely habeas petition (making May 5, 2013, the filing deadline). Schmid, however, did not sign her petition (and presumably deliver it to prison officials for mailing) until February 7, 2014—278 days after the limitations period had expired.[2] Thus, her petition is untimely. *See, e.g.*, *Jones v. Hulick,* 449 F.3d 784, 788–89 (7th Cir. 2006) (finding habeas petition untimely where thirty-five days between finality of direct appeal and filing of motion for post-conviction relief were added to 350 days between the Illinois Supreme Court's denial of petition for leave to appeal and filing of federal habeas petition).[3]

Notwithstanding the foregoing, a habeas petitioner "is 'entitled to equitable tolling' . . . if [she] shows "(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstances stood in [her] way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). However, "equitable tolling is rarely granted." *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). According to Schmid, she "could not reasonably be expected to have undertaken and completed the tasks involved in filing her writ more expeditiously than she did given the totality of the circumstances in and surrounding her and this case." Schmid's Reply at 3. Specifically, Schmid blames her delay in filing on (1) her post-traumatic stress disorder caused by Heathcote's abuse (which was exacerbated by having to review the case documents), (2) the fact she is indigent and unable to pay for copies of

---

[2] The Court is using February 7, 2014, rather than February 14, 2014, as the benchmark date pursuant to the prison mailbox rule. *See Jones v. Bertrand*, 171 F.3d 499, 504 (7th Cir. 1999) ("[A] *pro se* petition for habeas relief is deemed filed for statute of limitations purposes when it is given to the proper prison officials and not when it is actually received by the district court clerk.").

[3] It should be noted that Schmid filed a petition to modify the manner and execution of her sentence on June 24, 2013, seeking a transfer to community corrections. The Tippecanoe County Court denied her motion on September 11, 2013. To the extent Schmid argues that the limitations period was tolled until that date, the Court finds that it does not—such proceedings do not toll the limitations period.

5

documents, (3) her lack of legal expertise, (4) the thousands of pages of documentation she had to review before she could file a habeas corpus petition, and (5) the fact private counsel failed to provide case documents to her until October 2013 (five months after the limitations period expired).

Mostly, Schmid blames the delay on counsel's failure to provide her with his case documents. Schmid, however, provides no information regarding the efforts she made to obtain the documents (if any) at any time prior to May 5, 2013—the deadline for filing her habeas petition. Moreover, Schmid does not explain why the case documents were necessary for her to make the arguments contained in her petition. In short, the Court does not find this circumstance or any of Schmid's other justifications to be so extraordinary that the one-year limitations period should be equitably tolled. Accordingly, Schmid's petition is time barred.

## IV. CONCLUSION

For the foregoing reasons, Schmid's petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED** as untimely.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the Court finds that Schmid has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling[s]." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court therefore **DENIES** a certificate of appealability.

SO ORDERED: 06/24/2014

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy to:**

> **Anastazia Schmid**
> **122585**
> **Indiana Women's Prison**
> **Inmate Mail/Parcels**
> **2596 Girls School Road**
> **Indianapolis, IN 46214**

Copies to all counsel of record via electronic communication.