UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ANASTAZIA SCHMID, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 1:14-cv-00200-WTL-TAB |
| STEVE MCCAULEY, | ) | |
| Respondent. | ) | |

**Entry Granting Petitioner Equitable Tolling**

In this state conviction habeas action, Anastazia Schmid ("Ms. Schmid") challenges her 2002 convictions for murder and related offenses. Ms. Schmid filed the instant petition for a writ of habeas corpus on February 11, 2014. This Court denied her petition as untimely on June 24, 2014. The Seventh Circuit Court of Appeals vacated the judgment and remanded the case with instructions to consider holding an evidentiary hearing on the issue of equitable tolling. Dkt. 49.

Ms. Schmid alleges that the state post-conviction court unreasonably determined that her trial counsel was not ineffective when he failed to demand a competency hearing before trial and when he failed to assert a justifiable reasonable force defense. While Ms. Schmid concedes that her petition was filed beyond the one-year limitations period established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), she argues that she is entitled to equitable tolling because she suffered from Post-Traumatic Stress Disorder ("PTSD") that was triggered by working on her legal case, and because she lacked access to her legal file until after the one-year limitations period had expired. The respondent argues that Ms. Schmid is not entitled to equitable tolling both because no extraordinary circumstance prevented her from timely filing her petition and because she did not act with diligence.

An evidentiary hearing on the issue of equitable tolling was held on February 15, 2019. Dkt. 101. Ms. Schmid was present. She was represented by pro bono counsel Joshua Wackerly.[1] The defendant appeared by counsel. Documentary evidence was submitted, as well as testimony from Ms. Schmid; Michael Troemel, her post-conviction counsel; and Sharon Samsell, a mental health counselor who counseled Ms. Schmid at Rockville Correctional Facility. For the reasons explained in this Entry, the Court finds that Ms. Schmid is entitled to equitable tolling and that her petition was therefore timely filed.

# I.
# Legal Standards

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of AEDPA, revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

A petitioner is entitled to equitable tolling if he can establish that he has "'(1) . . . been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). These two "elements" are distinct. *Menominee Indian Tribe*

---

[1] The Court greatly appreciates the efforts of volunteer counsel, Mr. Wackerly, in ably representing Ms. Schmid.

*of Wis. v. United States*, 136 S. Ct. 750, 756 (2016). The diligence element "covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside its control." *Id.* It is the petitioner's "burden to establish both [elements]." *Socha*, 763 F.3d at 683. A petitioner need demonstrate only "reasonable diligence not maximum feasible diligence" in pursuing her rights. *Holland*, 560 U.S. at 649; *see also Moore v. Knight*, 368 F.3d 936, 940 (7th Cir. 2004) (noting that "a diligence inquiry should take into account that prisoners are limited by their physical confinement").

"Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016) (citations and quotation marks omitted); *see Socha*, 763 F.3d at 684 ("[T]olling is rare; it is reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.") (citation and quotation marks omitted).

The Seventh Circuit has recognized mental incompetency as a ground for equitable tolling. *Davis v. Humphreys*, 747 F.3d 497, 499 (7th Cir. 2014). Tolling is only appropriate "if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Obriecht v. Foster*, 727 F.3d 744, 750-751 (7th Cir. 2013) (quoting *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996)).

The Seventh Circuit has also recognized a prisoner's lack of access to their legal documents as a ground for equitable tolling:

> Even the most seasoned attorneys do not, and should not, draft motions, memoranda, or briefs without access to the basic files underlying the actions. They likely would face discipline if they attempted to reconstruct the case from memory alone. To expect [a *pro se* petitioner] to have a photographic memory permitting him to write a petition without his file is unrealistic.

3

*Socha*, 763 F.3d at 686.

The Seventh Circuit emphasized that when evaluating claims of equitable tolling, courts should use "a 'flexible' standard that encompasses all of the circumstances [the petitioner] faced and the cumulative effect of those circumstances." *Id*. (quoting *Holland*, 560 U.S. at 650).

## II.
## Findings of Fact and Conclusions of Law[2]

The following facts are found by the Court to be true based on the stipulation of facts submitted by the parties and the testimony and documents presented during the hearing:

Ms. Schmid has a longstanding history of mental illness. Dkt. 64-7, p. 3. She was subjected to years of rape and physical and psychological abuse at the hands of her boyfriend, Tony Heathcote. Dkt. 105, p. 60. On March 6, 2001, the State charged Ms. Schmid with the murder of Mr. Heathcote and related crimes. Ms. Schmid was declared incompetent for a time before trial. She was prescribed multiple medications at the time of her trial and is unable to remember details of her trial because of the medications she took at the time.

On October 5, 2002, the jury found Ms. Schmid guilty, but mentally ill, and she was sentenced to 55 years' incarceration. On March 2, 2004, the Indiana Court of Appeals affirmed the trial court in all respects. On May 7, 2004, the Indiana Supreme Court denied a petition to transfer. Ms. Schmid's conviction and sentence became final on August 5, 2004, when the time to seek certiorari in the United States Supreme Court expired following her direct appeal. 28 U.S.C. § 2244(d)(1)(A); *see* Rule 13, Rules of the Supreme Court of the United States; *Gonzalez v.*

---

[2] To the extent that any findings of fact should be considered conclusions of law, they should be deemed to be such, and vice versa.

*Thayer*, 565 U.S. 134, 150 (2012). The one-year period of limitation began to run until Ms. Schmid filed a petition for state post-conviction relief.

The parties dispute when Ms. Schmid filed her pro se petition for state post-conviction relief. Ms. Schmid states that she placed her petition in the prison mailroom on December 13, 2004. She argues that the mailbox rule applies. *See Ray v. Clements*, 700 F.3d 993, 995 (7th Cir. 2012). The respondent states that her petition was filed on February 7, 2005. The Court credits Ms. Schmid's testimony that she placed her petition in the prison mailroom on December 13, 2004. At that time, 130 days had elapsed.

A limitations period is tolled during the time in which the petitioner has pending a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Applying the mailbox rule, Ms. Schmid's one-year limitations period was tolled from December 13, 2004, until resolution of her post-conviction petition.

Although Ms. Schmid signed her pro se petition for post-conviction relief, and the petition references her inability to understand her transcripts, she testified at the evidentiary hearing that the petition was prepared by an inmate law clerk and that she did not have her transcripts at the time she filed her pro se petition for state post-conviction relief. The Court credits Ms. Schmid's testimony on this point.

On November 15, 2010, Ms. Schmid's post-conviction counsel filed an amended petition, which again raised the issue of competency. On August 18, 2011, the state trial court denied Ms. Schmid's petition for post-conviction relief. On August 13, 2012, the Indiana Court of Appeals affirmed the denial. On November 8, 2012, the Indiana Supreme Court denied Ms. Schmid's petition for transfer on the denial of Ms. Schmid's post-conviction petition. The limitations period began to run again on this date.

5

Throughout Ms. Schmid's criminal and state post-conviction proceedings, she made requests both to the state court and to her counsel for her transcripts and legal file. For example, she requested her legal file from the state court on May 18, 2004, but was denied because she was represented on direct appeal. Ex. 10. She requested her legal file from the Indiana public defender assigned to represent her in post-conviction proceedings but received no response. Dkt. 105, p. 74. On May 15, 2012, while her post-conviction appeal was pending, she wrote a letter to her private counsel, Mr. Troemel, stating that she had no access to her transcripts or other legal documents. Ex. 18. On May 27, 2012, she wrote to Mr. Troemel, again to ask "[h]ow do I get my records?" Ex. 19. Ms. Schmid was diligent in her efforts to gain access to her legal files.

Mr. Troemel, her state post-conviction relief counsel, provided her with briefs and other court filings throughout the state post-conviction process, but there is no evidence that Ms. Schmid ever received her full file and transcripts before her one-year limitations period expired. Some prisoners who lack access to their file may be able to draft a petition for habeas relief based on their memory of their trial, but Ms. Schmid had no memory of the trial to draw from. Therefore, she could not work meaningfully on her petition until she received her trial transcripts and additional records associated with her case.

Upon the conclusion of Ms. Schmid's state post-conviction relief proceedings, Mr. Troemel continued to represent her and filed a motion for sentence modification in state court. This filing did not toll the federal limitations period which expired on July 1, 2013, but it meant that Mr. Troemel retained the state court records. Mr. Troemel ended his representation of Ms. Schmid on October 15, 2013, and returned his file to her at or around that same date. Dkt. 105, p. 51.

When Ms. Schmid attempted to review the boxes of transcripts, discovery, medical records, and photographs, the work triggered episodes of PTSD that made it difficult for her to continue. Her PTSD is a result of the abuse she suffered at the hands of Mr. Heathcote. She relied on others within the prison to assist her with the preparation of her case. Dkt. 105, p. 88-89. The lack of her file, combined with her inability to remember her trial and her episodes of PTSD when she received her file, prevented her from filing her petition earlier.

Ms. Schmid sought permission to file a successive state post-conviction petition but was denied on January 24, 2014. On February 7, 2014, Ms. Schmid placed her pro se petition for writ of habeas corpus in the prison mail system. Therefore, 456 days elapsed between the end of her state post-conviction proceedings and the filing of her federal habeas petition. Combined with the 130 days that had elapsed between her conviction becoming final on direct appeal and the filing of her petition for post-conviction relief, a total of 586 days had passed without being tolled before Ms. Schmid filed her habeas petition. Therefore, her petition was filed 221 days after the one-year limitations period had expired. The following chart illustrates this:

| Conviction Final | August 5, 2004 | 365 days left in limitation period |
| State Post-Conviction Filed (statute of limitations tolled) | December 13, 2004 | 235 days left in limitation period |
| Indiana Supreme Court denies Petition to Transfer (tolling ends) | November 8, 2012 | 235 days left in limitation period |
| Federal Habeas Petition Due | July 1, 2013 | 0 days left in limitation period |
| Federal Habeas Petition Mailed | February 7, 2014 | 221 days beyond limitation period |

The question before the Court is whether Ms. Schmid is entitled to equitably toll her one-year limitations period until she received her legal file from Mr. Troemel. A petitioner is entitled to equitable tolling if he can establish that he has "'(1) . . . been pursuing his rights diligently, and

7

(2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Socha*, 763 F.3d at 684 (quoting *Holland*, 560 U.S. at 649).

### A. Extraordinary Circumstance

Ms. Schmid sought access to her legal file through numerous requests to the court and to the various attorneys who represented her. Despite her efforts, she did not receive her file until October 15, 2013. The respondent argues that lack of access to trial transcripts is an insufficient basis for equitable tolling, citing *Lloyd v. Van Natta*, 296 F.3d 630, 634 (7th Cir. 2002). In *Lloyd*, the Seventh Circuit held that lack of transcripts alone was insufficient to excuse the untimely filing of a habeas petition. The Court noted that because the petitioner was present at his trial and was aware of the basis of his claim, he did not need a transcript to file his petition. *Id*. But here, Ms. Schmid lacked a sufficient independent memory of her trial proceedings to adequately draft a habeas petition without access to her legal file. It is appropriate to consider this additional circumstance when determining whether she is entitled to equitable tolling. *Socha*, 763 F.3d at 686 (courts should consider the cumulative effect of all the circumstances faced by the inmate when considering an equitable tolling claim). Furthermore, the Seventh Circuit has stated that it is "unrealistic" to expect even an inmate with no memory issues to write a habeas petition without her file. *Id*.

The respondent seeks to distinguish *Socha* on the basis that Mr. Socha was unrepresented whereas Ms. Schmid was represented by Mr. Troemel. The respondent argues that her counsel's errors should be attributable to her. Dkt. 61, p. 17. But Mr. Troemel was not representing Ms. Schmid in her federal habeas proceedings. Although he filed a request for sentencing modification for Ms. Schmid after her state post-conviction proceedings concluded, he should have known that such a filing does not toll the one-year limitations period. While it makes sense that

denial of access to one's legal file during state post-conviction proceedings do not warrant equitable tolling, equitable tolling is never necessary in such circumstances because the statute itself tolls the entire period of state post-conviction proceedings. 28 U.S.C. § 2244(d)(2). Ms. Schmid's case presents the unusual circumstances of a lawyer filing additional motions in state court while the federal habeas clock is ticking yet failing to provide Ms. Schmid with the records necessary for her to prepare her federal habeas petition. Since he was not working on Ms. Schmid's federal habeas petition, Mr. Troemel should have provided her with a copy of her legal file at the conclusion of her state post-conviction proceedings. His failure to do so made it impossible for Ms. Schmid to prepare her federal petition on time.

Ms. Schmid's lack of access to her legal file constitutes an extraordinary circumstance that prevented her from timely filing her federal habeas petition. Because the Court finds that lack of access to her legal file is sufficient to establish entitlement to equitable tolling, the Court does not address the issue of Ms. Schmid's PTSD as a separate circumstance entitling her to equitable tolling of the limitations period before she sought state post-conviction relief.

**B. Diligence**

Ms. Schmid diligently sought access to her file throughout her criminal and post-conviction proceedings by filing requests with the state court and sending requests to the various attorneys who represented her. She made it clear to Mr. Troemel that she did not have her file, that she needed it, and that she wanted to pursue every avenue of relief available to her.

The respondent argues that Ms. Schmid was not diligent because she did not seek an extension of time to file her federal habeas petition. In *Socha*, the petitioner received his file shortly before the expiration of the one-year limitation. Realizing that he could not complete the petition in time, he sought an extension. Ms. Schmid did not receive her file until after her limitations

9

period had expired. It is unclear how an extension in such circumstances would have assisted her or the Court. Until she had her file, she would not have been able to assess whether and how much time she would need to complete her petition.

Upon receipt of her file in October 2013, Ms. Schmid took 115 days to file her federal habeas petition. In comparison, Mr. Socha took 166 to prepare his petition after receiving his file which was deemed to be diligent. In fact, Mr. Socha had his file for 40 days before his one-year limitations period expired while Ms. Schmid did not receive her file until after her limitations period had expired. *Socha*, 763 F.3d at 684.

Circuit courts around the country disagree about what constitutes a reasonable amount of time to file a petition after the impediment preventing filing has been removed. At least two circuits have simply calculated the number of days to be equitably tolled and extended the one-year limitation by that number. *See Knight v. Schofield*, 292 F.3d 709, 712 (11th Cir. 2002) ("Tolling means just what it says-the clock is stopped while tolling is in effect."); *Miller v. Collins*, 305 F.3d 491 (6th Cir. 2002), *overruled on other grounds by Abela v. Martin,* 348 F.3d 164, 172 (6th Cir.2003). The court in *Knight* held that by creating the one-year limitations period, Congress established that one year is a reasonable amount of time to prepare a federal habeas petition. In contrast, at least one circuit has held, in an unpublished opinion, that a petition filed eight months after the impediment or extraordinary circumstance was removed was untimely because it was not completed in a diligent fashion. *Cooper v. Price*, 82 F. App'x 258, 260-61 (3d Cir. 2003).

But as suggested by *Socha*, 115 days is not an unreasonable amount of time to prepare a federal habeas petition. Although Ms. Schmid unsuccessfully filed a successive state post-conviction petition during this time, and this time was not tolled by AEDPA, "it cannot be said that [she] did not exercise reasonable diligence in attempting to protect [her] rights." *Miller*, 305

F.3d at 496 (holding that inmate was reasonably diligent despite state court filings that arguably did not toll the limitations period). She diligently sought her file and prepared her petition.

Setting aside the question of whether the first 130 days of Ms. Schmid's one-year limitations period, which elapsed before she sought state post-conviction relief, should be tolled due to either mental incompetence, PTSD, or lack of access to her file, the Court finds that the one-year limitations period should be equitably tolled from the time the Indiana Supreme Court denied transfer until she received her file on October 15, 2013. If applying a day-for-day calculation, she had 235 days from the time she received her file, or June 7, 2014, in which to file her federal habeas petition. Ms. Schmid signed her petition on February 7, 2014, well before her limitations period expired.

## V.
## Conclusion

The petitioner is entitled to equitable tolling and her federal habeas petition was therefore timely filed. The Court will separately address the merits of this action.

**IT IS SO ORDERED.**

Date: 5/15/2019

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Distribution:

Henry A. Flores, Jr.
INDIANA ATTORNEY GENERAL
henry.flores@atg.in.gov

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov

Caryn Nieman Szyper
INDIANA ATTORNEY GENERAL
caryn.szyper@atg.in.gov

Joshua T. Wackerly
PILLSBURY WINTHROP SHAW PITTMAN, LLP
joshua.wackerly@pillsburylaw.com